Filed 1/20/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| N.D., | |
| Petitioner, | G066061 |
| v. | (Super. Ct. No. 15P000973) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent; | |
| E.F., | |
| Real Party in Interest. | |

On the court's own motion, order to show cause re sanctions. Sanctions issued.

T. Matthew Phillips for Petitioner.

Rosen & Rosen and Hayley Felice Rosen for Real Party in Interest.

There are many respected professions in which one may write solely to express someone's sentiments. An advertiser can trumpet the good qualities of their client's product without disclosing the negatives. A PR professional can put their client's crisis in the best light without acknowledging the counterpoints. A speechwriter can craft aspirational promises without conceding the candidate's limited ability to follow through. In these fields, delivering the client's message is the name of the game.

The law is not one of those professions.

Lawyers are not mere mouthpieces for clients. Our profession depends on exercising judgment in what we say and how we say it. At times, the only correct professional judgment is to tell the client, "no."

We publish this opinion as a cautionary tale: Lawyers may not make assertions in court that lack factual support, regardless of how much the lawyer or the client "earnestly believes" them. Lawyers may not impugn the integrity of the very system of justice in which they serve without a solid basis in both fact and law. Dissatisfaction with a ruling, however deeply felt, is not itself evidence of judicial misconduct.

Most lawyers show remarkable skill in helping clients understand our professional obligations yet too many mistake the need for zealous advocacy with a "the customer is always right" policy. We remind them that the legal profession runs on facts, law, and justice. The law cannot tolerate unsupported assertions fueled only by desires, especially baseless accusations against our hardworking trial judges.

We have a duty to """protect the integrity of [the] court.""" (*In re Mahoney* (2021) 65 Cal.App.5th 376, 380; accord Cal. Code Jud. Ethics, canon 2.A.) We fulfill that duty by sanctioning attorney T. Matthew Phillips $25,000.

FACTS

Phillips filed a petition for a writ of mandate on N.D.'s behalf, asking us to order the trial court to refer N.D.'s statement of disqualification to a different judge. The petition only contained one exhibit—the trial court's order striking N.D.'s statement of disqualification.

Phillips did not provide us with the statement of disqualification. Nor did he submit any exhibits supporting the accusations in the petition or in the statement of disqualification. While he accused the trial court of failing to "address[] [the statement's] material allegations," he gave us no evidence of what those allegations were.

Instead of developing a cogent legal argument explaining how the court erred, Phillips unfurled a litany of grievances allegedly suffered at the hands of the court. These include the court's alleged refusal to rule on certain matters, to serve Phillips with copies of protective orders, and to respond to e-mail requests. But there were no citations to the record. There was virtually no record at all.

We denied the petition and issued an order to show cause why Phillips should not be sanctioned for filing a frivolous writ petition (Cal. Rules of Court, rules 8.492(a)(1) & 8.486(b)(1); Rules Prof. Conduct, rule 8.2(a); Bus. & Prof. Code, § 6068, subd. (b)) and for failing to support factual contentions with evidence in the record (Cal. Rules of Court, rules 8.492(a)(2), 8.486(b)(1), & 8.204(a)(1)(C)).

We invited Phillips and the real party in interest to submit briefs. Phillips wrote that if he "had an opportunity for a do-over, he would have included the various emails to [the trial court], and other documents, as opposed to simply relying on a declaration under penalty of perjury . . . ." He "believed the legal issue on the disqualification write [*sic*] was simple and

straightforward, *i.e.*, may the sitting judge pass judgment on a motion to disqualify Her Honor."

Phillips also addressed eight accusations he made in the petition that we found especially troubling.

1. The court "actively retaliates" against N.D.[1] Phillips wrote: "Does the record contain support for this proposition? No, not in the permanent record." Instead, Phillips attached e-mails between himself and courtroom staff purporting to show their "reluctance" to communicate with him.

2. The court "'systematically discriminates'" against N.D. Phillips wrote: "Is there any evidence in the record [to support the accusation]? Not in the permanent record." Phillips claimed "various dialogs" between N.D. and the court "may appear in some transcripts" that opposing counsel is "unwilling to share."

3. The court "'act[s] in concert' with [N.D.'s] opponents[.]" Phillips contended this assertion was supported by evidence the court "wet-stamps" opposing counsel's documents, as opposed to using the e-file system, so that opposing counsel can avoid filing fees. Phillips also accused the judge of "'act[ing] in concert'" with opposing counsel because the judge refused to enforce a particular order. Phillips did not cite any supporting evidence.

4. The court "'openly and notoriously' champion[s] the cause of [N.D.'s] opponents." Phillips stated it is his client's "earnest belief," as well as his own, that the judge "'openly and notoriously' champion[s] the cause of [N.D.'s] opponents." Phillips cited no supporting evidence.

---

[1] The quoted language within the headings is not underlined in Phillips' briefing. We do so here as part of our headings.

5. <u>The trial court "purposely failed to serve" a DVRO on N.D. to not "'tip-off'" N.D. and "ruin[] the element of surprise."</u> Phillips stated that "[N.D.] and her attorney earnestly believe that [the trial courtroom] failed to give notice of the DVRO—so as to not 'tip-off' [N.D.]. Is there any evidence in the permanent record? Well, no direct evidence. Nevertheless, this is [N.D.'s] earnest belief."

6. <u>Some court orders were "'fake.'"</u> Phillips stated N.D. denied signing a stipulation that appeared in the record as a "'free-floating' order." Phillips cited no supporting evidence; nor did he explain what he meant by a "'free-floating' order." Phillips also took issue with a 2019 minute order issued "in chambers." Phillips accused opposing counsel of "typ[ing] up the minute order, then somehow deposit[ing] it into the permanent record, which [he] has come to learn has no security protocols." Phillips cited no supporting evidence.

7. <u>Certain court orders were "forged."</u> Phillips raised the same arguments that pertained to the supposedly fake court orders.

8. <u>A scheduled hearing "magically disappear[ed]" "because Her Honor ha[d] no wish to explain whether (or not) she penned the now-infamous [forged] judicial signature."</u> Phillips claimed this hearing pertained to the legitimacy of a judicial signature on an order. N.D. and Phillips "are 100% certain that the judge did schedule a hearing." Phillips cited no supporting evidence.

## DISCUSSION

We may impose sanctions against a party or its attorney for filing a frivolous writ petition or unreasonably violating the California Rules of Court. (Cal. Rules of Court, rule 8.492(a).) We have given notice to Phillips

5

through our order to show cause, reviewed his written opposition, and heard oral argument.

## I.

## THE PETITION WAS FRIVOLOUS

"This court may find a writ petition to be frivolous and order sanctions if we conclude the petition was prosecuted for an improper motive or the petition is indisputably without merit, i.e., any reasonable attorney would agree the petition is completely without merit." (*In re White* (2004) 121 Cal.App.4th 1453, 1479.)

Here, any reasonable attorney would agree that the petition was totally and completely devoid of merit. Phillips's contention that the statement of disqualification "sufficiently raise[d] genuine questions of law and fact" had no support in the record. The petition omitted that statement. Phillips still has not provided it.

More fundamentally, the law is clear that the challenged judge herself may strike a statement of disqualification that discloses no legal grounds for disqualification. (Code Civ. Proc., § 170.4, subd. (b); *Crawford v. JPMorgan Chase Bank, N.A.* (2015) 242 Cal.App.4th 1265, 1272.) We presume the trial court acted appropriately. (*Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323.) Phillips had the burden to overcome this presumption, which could only be done "base[d] on the record presented to the appellate court." (*Ibid.*) With essentially no record, any reasonable attorney would conclude the petition totally and completely lacked merit.

## II.

## PHILLIPS UNREASONABLY VIOLATED THE RULES OF COURT

A writ petition "must be accompanied by an adequate record" including "[a]ll documents and exhibits submitted to the trial court

6

supporting and opposing the petitioner's position," as well as "[a]ny other documents or portions of documents submitted to the trial court that are necessary for a complete understanding of the case and the ruling under review." (Cal. Rules of Court, rule 8.486(b)(1)(B) & (C).) All factual assertions in the petition must be supported by a precise citation to that record. (Cal. Rules of Court, rule 8.204(a)(1)(C).) "It is axiomatic that an appellant must support all statements of fact in [the] briefs with citations to the record." (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 29 (*Pierotti*).)

This record contains only the court order; the petition contains one citation to that order. There are no citations supporting the petition's factual assertions, none to support the serious accusations against the trial judge. These blatant and unreasonable violations of the California Rules of Court further "support our conclusion that this [petition] was frivolous . . . ." (*Pierotti, supra,* 81 Cal.App.4th at p. 33.)

III.

### SIGNIFICANT MONETARY SANCTIONS ARE APPROPRIATE

We are particularly concerned with Phillips's disregard of his duty to uphold the respect owed to the judiciary. It is one thing to assert in a petition that the trial court committed error. An attorney acts well within their duty as an advocate to raise good-faith arguments challenging rulings, even when it presents an uphill battle. There is nothing inherently improper about making allegations of bias or discrimination against a trial court. (See *Gallagher v. Municipal Court* (1948) 31 Cal.2d 784, 796 [attorney has a "duty to protect the interests of his client. . . . to press legitimate argument and to protest an erroneous ruling"].) Attorneys can and should raise such claims, even if they are ultimately unsuccessful—as long as there is a plausible legal basis and evidence in the record to support them.

7

But what attorneys cannot do is what Phillips did here: make serious accusations of impropriety against the court without a scintilla of supporting evidence. Phillips did not simply argue the trial court was wrong. He accused the trial court of being an active participant in a conspiracy with opposing counsel to intentionally deprive N.D. of her rights.

Like all California lawyers, Phillips is duty-bound to "maintain the respect due to the courts of justice and judicial officers." (Bus. & Prof. Code, § 6068, subd. (b).) He must act in a manner that "'instill[s] public confidence in the legal system and our judicial system.'" (*Scott C. Moody, Inc v. Staar Surgical Co.* (2011) 195 Cal.App.4th 1043, 1048.)

"[C]oncrete evidence"—not just the lawyer's or client's ire—is needed before a lawyer levies "serious accusations against a trial judge." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793.) "Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court. Counsel better make sure he or she has the facts right before venturing into such dangerous territory because it is [sanctionable] for an attorney to make the unsupported assertion that the judge was 'act[ing] out of bias toward a party.'" (*In re S.C.* (2006) 138 Cal.App.4th 396, 422.)

Phillips's opposition largely concedes there was no evidence in the record to support the accusations. At oral argument, Phillips repeatedly

promised he had evidence to support all his "easily" provable accusations. Yet despite being ordered to show cause, he has provided no such evidence.[2]

What Phillips has done, since we issued our OSC, is continue to violate the California Rules of Court. Phillips filed an amended opposition to the OSC well past the deadline and without leave from this court. (Cal. Rules of Court, rule 8.200(a)(4); *Rincon EV Realty LLC v.CP III Rincon Towners, Inc.* (2019) 43 Cal.App.5th 988, 1003.) Then, Phillips filed a request asking this court to take notice of four separate lawsuits he and his client have filed; lawsuits which were never presented to the trial court and are not part of the appellate record. Phillips cannot use a request for judicial notice to circumvent the rules governing the record on appeal. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.)

Rather than offering evidence, Phillips wrongly relies on "earnest" beliefs he shares with his client. An attorney cannot raise a claim in court based solely on the sincerity of an unsupported belief. (Rules Prof. Conduct, rules 3.1 [a lawyer shall not "assert a position in litigation" "without probable cause"], 3.3 [a lawyer shall not "knowingly make a false statement of fact or law" to the court].) "[C]ounsel has a professional responsibility not to pursue an appeal [or assert a position] that is frivolous or taken for the

---

[2] In his opposition, Phillips offered 11 exhibits, which were not included with the writ petition and, from what we can discern, largely were not part of the trial record. Notably, these exhibits lack the statement of disqualification. They are mostly routine minute orders, a stipulation signed by N.D., e-mail communications between Phillips and the courtroom clerk, and media requests. If anything, these documents confirm the petition's frivolousness. For example, in the e-mails, Phillips repeatedly asked the courtroom's clerk to send him a minute order. The courtroom clerk has no such duty.

purpose of delay, just because the client instructs him or her to do so." (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 521.)

An attorney's duty to advocate zealously for their client does not trump the equally important duty to "exercise independent professional judgment and render candid advice." (Rules Prof. Conduct, rule 2.1.) An attorney owes a duty to the client and the profession to advise the client that accusations like those presented here must be supported by evidence in the record. If the client continues to press the attorney to raise the claim in court, "the high ethical and professional standards of a member of the bar and an officer of the court require the attorney to inform the client that the attorney's professional responsibility precludes him or her from pursuing such [a claim]." (*In re Marriage of Gong & Kwong, supra*, 163 Cal.App.4th at p. 521.)

Phillips fell far short of his professional duties by filing a petition with a one-document record and a single record citation that makes unsupported accusations against the trial judge. This is sanctionable.

In determining the amount of sanctions, we consider the degree of objective frivolousness in the petition and the need to discourage like conduct in the future. (*Pierotti, supra*, 81 Cal.App.4th at pp. 33-34.) This petition exhibited an extremely high degree of frivolousness. It failed to comply with basic procedural rules and contained accusations unsupported by the record. And there is a substantial need to deter this type of conduct in the future. The Legislature and the California Supreme Court have recognized the important duty of attorneys to maintain the respect and integrity of the courts and judicial officers. Substantial monetary sanctions are warranted.

Real party in interest suggests an "amount no less tha[n] $20,000." It notes Phillips and N.D. have already been sanctioned $13,225 by the trial court, which Phillips concedes. Repeated sanctionable conduct merits an escalated sanctions amount. Also, $25,000 is well within the range of sanctions imposed for frivolous appeals. (See *Pierotti, supra*, 81 Cal.App.4th at p. 21 [$32,000]; *Champlin/GEI Wind Holdings, LLC v. Avery* (2023) 92 Cal.App.5th 218, 228–229 [$15,000].) We thus impose sanctions in the amount of $25,000. This opinion constitutes a written statement of our reasons for imposing sanctions. (*Champlin/GEI Wind Holdings,* at p. 229.)

## DISPOSITION

Attorney T. Matthew Phillips is ordered to pay the clerk of this court the amount of $25,000 within 30 days of this order. The clerk is directed to deposit said sums in the general fund. Phillips and the clerk of this court are each ordered to forward a copy of this court's order to the State Bar within 30 days. (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).)

SCOTT, J.

WE CONCUR:

DELANEY, ACTING P. J.

GOODING, J.

11